**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JOHNNIE BOYNES,<br>    Appellant, | DOCKET NUMBER<br>DC-0752-24-0509-I-1 |
| v. | |
| DEPARTMENT OF DEFENSE,<br>    Agency. | DATE:  August 3, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Marc Wilhite</u>, Esquire, Washington, D.C., for the appellant.

<u>Joshua A. Slone</u>, Esquire, and <u>Alexandra Cohen</u>, Esquire,
    Washington, D.C., for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained his removal.  On petition for review, the appellant does not dispute that the agency proved its charges, but he disagrees with the agency's charge selection.  He also argues, regarding the penalty, that neither the deciding official nor the administrative judge properly analyzed the factors found in *Douglas v.*

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

*Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981).  Finally, the appellant asserts that the administrative judge was biased against him.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

The appellant asserts on review that the agency should have used different charges that carry lighter penalties in labeling his misconduct.  Petition for Review (PFR) File, Tab 1 at 26.  The Board's review of an agency's decision, however, is limited to the grounds invoked by the agency, and the Board may not substitute what it or the appellant considers to be a more adequate or proper basis. *O'Keefe v. U.S. Postal Service*, 318 F.3d 1310, 1315 (Fed. Cir. 2002); *Fargnoli v. Department of Commerce*, 123 M.S.P.R. 330, ¶ 7 (2016).

The appellant also contends that the deciding official failed to assess relevant mitigating factors and rubber-stamped the information given to him for review.  PFR File, Tab 1 at 23-24.  We disagree.  Mitigation of an agency-imposed penalty is appropriate only when the agency failed to weigh the relevant factors or the penalty clearly exceeded the limits of reasonableness. *Batara v. Department of the Navy*, 123 M.S.P.R. 278, ¶ 5 (2016).  Here, the

deciding official considered, among other things, the intentional and repeated nature of the misconduct, the appellant's position as a law enforcement officer, and the appellant's expression of remorse, 18 years of Federal service, fully successful performance ratings, and prior discipline. Initial Appeal File (IAF), Tab 9 at 7-8, 19-23. The deciding official concluded that no lesser sanction was appropriate and sustained the removal. *Id.* at 23. The appellant has not shown that the deciding official "rubber-stamped" the proposed discipline or failed to weigh relevant factors, nor has he shown that the penalty of removal clearly exceeded the limits of reasonableness in this case. *See Kamahele v. Department of Homeland Security*, 108 M.S.P.R. 666, ¶¶ 2, 15 (2008) (finding removal reasonable based on charges of lack of candor and inappropriate conduct); *Dunn v. Department of the Air Force*, 96 M.S.P.R. 166, ¶¶ 2, 12-18 (2004) (same). Moreover, the administrative judge assessed the demeanor of the deciding official and found him credible. IAF, Tab 20, Initial Decision (ID) at 10; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (finding that the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing). Therefore, the appellant has not shown error regarding the penalty.

For the first time on review, the appellant argues that the administrative judge improperly pressured the appellant to accept a settlement agreement from the agency, exhibited clear bias for the agency, and prevented the appellant's representative from effectively cross-examining witnesses. PFR File, Tab 1 at 11-22. Recusal of an administrative judge is required "when a reasonable person, knowing all the facts, would question the administrative judge's impartiality." *Baker v. Social Security Administration*, 2022 MSPB 27, ¶¶ 7-8 (quoting *Allphin v. United States*, 758 F.3d 1336, 1344 (Fed. Cir. 2014) (citation omitted)); *see Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (finding that an administrative judge's conduct during the course

of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible") (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). We find that the administrative judge acted appropriately and within his discretion to control the proceedings below, and that the appellant has not proven his bias claim.

First, the appellant argues that the administrative judge improperly pressured him to settle the appeal. PFR File, Tab 1 at 11-12. He alleges that, before going on the record at the hearing, the administrative judge stated that if he had to write an opinion, it would be publicly available. *Id.* The appellant argues that the underlying implication of that statement was the appellant should not have this hearing because "[i]t will ruin [his] marriage." *Id.* at 12. It is well settled that an administrative judge is permitted to engage in frank settlement discussions with the parties, and informing them of the strengths and weaknesses of their case does not indicate bias, coercion, or any prejudgment or preconceived notions as to the appeal. *See Herman v. Department of Justice*, 119 M.S.P.R. 642, ¶ 11 (2013); *Chakravorty v. Department of the Air Force*, 90 M.S.P.R. 304, ¶ 8 (2001); *Cranfield v. Tennessee Valley Authority*, 44 M.S.P.R. 384, 388 (1990). The administrative judge did not exceed those bounds even assuming it is true that, as alleged, he raised a potential consequence of a published opinion in this appeal.

Next, the appellant argues that the administrative judge exhibited bias at the end of the first day of the hearing when he, on the record, provided examples of what he viewed as inaccurate lines of questioning posed by the appellant's representative. PFR File, Tab 1 at 16-18; IAF, Tab 19, Hearing Recording (remarks of the administrative judge). The administrative judge expressed that he was providing these examples so that, moving forward, the parties could keep the record clear and to make sure that neither party was inaccurately leading the

witnesses. PFR File, Tab 1 at 16-18; IAF, Tab 19, Hearing Recording (remarks of the administrative judge).

The administrative judge remarked upon several of the appellant's representative's lines of questioning, such as his questions that concerned policing as a whole rather than the appellant's specific position, insinuated that patrolling the inside of a private residence could be considered part of the appellant's duties, and suggested that the appellant was allowed to be in the residence because he was on a break, while at other times alleging that he was allowed to be there because he was authorized to do so as part of his duties. PFR File, Tab 1 at 16-18; IAF, Tab 19, Hearing Recording (remarks of the administrative judge). The appellant notes that the agency did not object to those lines of questioning, and the administrative judge did not similarly critique the agency's case. PFR File, Tab 1 at 19. "[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Liteky*, 510 U.S. at 555. While the appellant emphatically disagrees with the administrative judge's remarks, we are not persuaded that the administrative judge's attempts to keep the record from being muddled heading into the second day of the hearing evidenced bias. *Bieber*, 287 F.3d at 1362-63.

Further, to the extent that the appellant argues that his case was lost on certain issues once the administrative judge made these remarks, we disagree. PFR File, Tab 1. An administrative judge has wide discretion to control the proceedings, including the authority to exclude testimony that he believes would be irrelevant, immaterial, or unduly repetitious. *Parker v. Department of Veterans Affairs*, 122 M.S.P.R. 353, ¶ 21 (2015). To obtain reversal of the initial decision on the grounds that the administrative judge abused his discretion, the petitioning party must show on review that relevant evidence, which would have affected the outcome, was disallowed. *Id.* The appellant argues that the administrative judge "went to great lengths to highlight almost every line of

questioning presented by [the a]ppellant and find fault with it." PFR File, Tab 1 at 18-19. By contrast, according to the appellant, the administrative judge did not make "one critical comment" about the agency's "presentation of evidence, its theory of the case or its questioning of witnesses." *Id.* at 19. The appellant argues that "[s]uch lopsided rulings and visible angst toward the [a]ppellant and his counsel is unequivocal bias." *Id.* However, the appellant has not demonstrated that the administrative judge abused his discretion by preventing the appellant from introducing relevant and material evidence. In fact, the administrative judge did not sustain specification 2 of the conduct unbecoming a police officer charge on the basis of the appellant's argument that he was on a break from duty during the period in question, which is one of the lines of questioning about which the administrative judge cautioned the appellant. ID at 14-15.

The appellant provides two examples of instances when he argues that the administrative judge demonstrated bias by interjecting during his attorney's cross-examination of witnesses even though there was either no live agency objection or an objection that did not relate to the administrative judge's remarks. PFR File, Tab 1 at 13-15, 20. For the same reason as above, the appellant has not demonstrated that the administrative judge's statements reflected bias. *Liteky*, 510 U.S. at 555. Nor has the appellant shown that relevant evidence was disallowed because of the administrative judge's interjections. Although he vaguely asserts that the administrative judge's interjections had a "chilling effect," and that he was "bullied into formulating relatively innocuous questions on cross-examination," the appellant has not specified what, if any, evidence he was unable to introduce. Therefore, the appellant has not provided evidence that the administrative judge abused his discretion in the way he controlled the proceedings below.

In any event, the appellant's claim of bias is untimely. An allegation of bias by an administrative judge must be raised as soon as practicable after a party

has reasonable cause to believe that grounds for disqualification exist. *Lee v. U.S. Postal Service*, 48 M.S.P.R. 274, 281-82 (1991); 5 C.F.R. § 1201.42(b). The appellant acknowledges that he did not do so here. PFR File, Tab 1 at 22 & n.3. The appellant stated that he hoped, despite the administrative judge's bias, that the appeal would be decided in his favor, and he did not want to risk the "catastrophic" effect of an unsuccessful motion to disqualify the administrative judge. *Id.*

An appellant may not suppress his suspicions of bias while awaiting a favorable outcome. *Cotton v. Department of Justice*, 53 M.S.P.R. 397, 403, *aff'd per curiam*, 985 F.2d 584 (Fed. Cir 1992) (Table). Because the appellant did not raise this allegation until his petition for review, we find that this allegation of bias is untimely.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5  U.S.C.  §  7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.   *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3)** **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.